# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**CARL JOSEPH FULMER**                                                    **PLAINTIFF**

**V.**                                              **CAUSE NUMBER: 3:26-cv-00121-JDM-RP**

**EZ AUTO, INC., et al.**                                               **DEFENDANTS**

## ORDER DENYING MOTION FOR
## TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Before the Court is Plaintiff Carl Joseph Fulmer's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. [7] Fulmer seeks to prevent the defendants from exercising self-help repossession on his 2015 Subaru Forester. Fulmer seeks injunctive relief though he has admittedly withheld payment on the vehicle. Because the defendants have received neither the complaint nor notice of a preliminary injunction, this Court cannot grant an injunction. And because Fulmer provides no reasons why an ex parte temporary restraining order (TRO) should be granted without notice to the defendants, his motion is **DENIED**.

Rule 65(a) allows a court to "issue a preliminary injunction *only on notice to the adverse party*." FED. R. CIV. P. 65(a)(1) (emphasis added). Here, no defendant has been served a copy of the complaint and summons. And no defendant has been given notice of Fulmer's request for a preliminary injunction. So this Court cannot enjoin the defendants from repossessing Fulmer's Subaru.

While preliminary injunctions require notice to the adverse party, a TRO may be granted ex parte. But "these are disfavored and seldom granted." *Merzaki v. Oktibbeha Cnty.*, No. 1:26-cv-49-GHD-DAS, 2026 WL 1011241, at *1 (N.D. Miss Apr. 14, 2026). A TRO may be issued

without notice if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . [and the movant] certifies in writing any efforts made to give notice *and the reasons why it should not be required*."  Fed. R. Civ. P. 65(b)(1) (emphasis added).

Though Fulmer claims he is "providing notice of this emergency motion to the extent practicable[,]" he provides no reasons why the defendants should not get notice of the TRO.  His failure to explain to this Court why notice should not be required is fatal to his TRO request.  *See Brookville Schoolhouse Road Ests., LLC v. City of Starkville*, No. 1:21-cv-135-SA-RP, 2021 WL 3891069, at \*2 (N.D. Miss. Aug. 30, 2021).  Because Fulmer has not complied with Rule 65(b)(1)(B), the Court cannot grant an ex parte TRO.

For these reasons, Fulmer's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [7] is **DENIED**.

**SO ORDERED**, this the 27th day of May, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI