**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CARL JOSEPH FULMER**                                                                          **PLAINTIFF**

**V.**                                                    **CAUSE NUMBER: 3:26-cv-00121-JDM-RP**

**EZ AUTO, INC., et al.**                                                                   **DEFENDANTS**

**ORDER DENYING**
**THIRD MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is Plaintiff Carl Joseph Fulmer's third Motion for Temporary Restraining Order (TRO) and Preliminary Injunction. [30] This Court denied Fulmer's two previous TRO motions. [10, 14] In every TRO motion, Fulmer seeks to prevent the defendants from exercising their statutory right to self-help repossession on his 2015 Subaru Forester. He also requests the Court order the defendants to preserve all evidence. Because Fulmer has not established that he is entitled to a TRO, his motion is **DENIED**.

The Court once again reminds Fulmer that TROs "are disfavored and seldom granted." *Merzaki v. Oktibbeha Cnty.*, No. 1:26-cv-49-GHD-DAS, 2026 WL 1011241, at *1 (N.D. Miss Apr. 14, 2026). To be entitled to a TRO, a party must prove: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

"[T]here is authority that likelihood of success on the merits is the most important [element.]" *Id.* And "a preliminary injunction is an extraordinary remedy which should not be

granted unless the party seeking it has *clearly carried* the burden of persuasion on all four requirements." *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (emphasis added).

The Court finds, based on the complaint's allegations, the TRO motion, and the record, that Fulmer has not demonstrated facts establishing a substantial likelihood of success on the merits. Further, he has not shown a substantial threat of irreparable injury. *See Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, 815 F. Supp. 2d 966, 975 (S.D. Miss. 2011) ("So long as the damages can be measured and remedied through a monetary sum, the damages are not irreparable.") Finally, Fulmer has not shown that granting the TRO will serve the public interest.

For these reasons, Fulmer's Renewed Emergency Motion for Temporary Restraining Order [30] is **DENIED**.

**SO ORDERED**, this the 11th day of August, 2026.

 /s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

2