**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CARL JOSEPH FULMER** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:26cv121-JDM-RP**

**EZ AUTO, INC., et al.** **DEFENDANTS**

**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the court on the Plaintiff's Motion for Leave to Add VSC Re Company as Defendant and for Service by the United States Marshal. ECF 47. The defendants EZ Auto, Inc. and Credit Acceptance Corporation oppose the motion. The court finds the motion is not well taken and should be denied.

At this point in the proceedings, the plaintiff may amend his complaint only with the defendants' consent or the court's leave, which the court should freely give "when justice so requires." FED. R. CIV. P. 15(a)(2). Nonetheless, although "[a]mendments should be liberally allowed," "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citations omitted); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted). In determining whether to grant a motion to amend, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile "if the complaint as amended would be subject to dismissal." *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC,* 589 F.3d 196, 208 (5th Cir. 2009)).

The plaintiff Carl Joseph Fulmer brought this *pro se* action seeking the recovery of damages allegedly arising out of his purchase of a used automobile. The complaint asserts various claims against EZ Auto, Inc. – from whom the plaintiff purchased the automobile under a retail installment contract (RIC); Credit Acceptance Corporation – to whom EZ Auto assigned the RIC; and First Automotive Service Corporation, from whom the plaintiff purchased a vehicle service contract. EZ Auto has moved to dismiss the complaint and/or transfer venue, and Credit Acceptance Corporation has moved to compel arbitration pursuant to the RIC's mandatory arbitration provision. The plaintiff now seeks leave to amend his complaint to join as a defendant VSC Re, a CAC subsidiary engaged in reinsuring vehicle service contracts on CAC-financed vehicles and controlling trust accounts for vehicle service contract premiums. According to the plaintiff, VSC Re "may" have received or benefitted from funds related to the plaintiff's vehicle service contract, and the plaintiff therefore wishes to add VCS Re as a defendant. The defendants EZ Auto and CAC oppose the plaintiff's motion, arguing that the proposed amendment is futile. The court agrees with the defendants.

The plaintiff proposes to assert claims against VSC Re for violations of the Truth in Lending Act, for breach of written warranty and/or contract; and for unjust enrichment. However, each of these proposed claims against VSC Re would be subject to dismissal.

First, the Truth in Lending Act (TILA) "applies only to those who are 'creditors' under the ACT." *Levels v. Merlino*, 969 F.Supp.2d 704, 730-31 (N.D. Tex. 2013) (citing *Sapia v. Regency Motors of Metairie, Inc.*, 276 F.3d 747, 752 (5th Cir. 2002)). Here, there is nothing to suggest that VSC Re is the plaintiff's "creditor" as defined by TILA. *See* 15 U.S.C. § 1602(g). The plaintiff's proposed TILA claim against VSC Re is therefore futile. Likewise, there is

nothing to suggest that VSC Re extended to the plaintiff any warranty -- written or otherwise -- or entered into any contract with the plaintiff, and the plaintiff's proposed claim for breach of written warranty and/or contract is therefore futile.

Finally, as to the plaintiff's proposed claim for unjust enrichment, the mere fact that a third person – here VSC Re -- may have benefitted from an arrangement between two other persons – the plaintiff and CAC -- "does not make such third person [VSC Re] liable for quais contract, unjust enrichment, or restitution." *Omnibank of Mantee v. United Southern Bank*, 607 So.2d 76, 92-93 (Miss. 1992). Moreover, where a third person benefits from a contract between two other persons, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third person – here RSC Re – "in the absence of some misleading or wrongful act by the third person." *Id.* at 93. There is nothing to suggest that RSC Re misled the plaintiff or committed any wrongful act, and the plaintiff's proposed claim for unjust enrichment is therefore futile.

For these reasons, the Plaintiff's Motion for Leave to Add VSC Re Company as Defendant and for Service by the United States Marshal [ECF 47] is DENIED.

SO ORDERED, this, the 2nd day of September, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE