**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CARL JOSEPH FULMER** — **PLAINTIFF**

**V.** — **CAUSE NUMBER: 3:26-cv-00121-JDM-RP**

**EZ AUTO, INC., et al.** — **DEFENDANTS**

## ORDER STRIKING FIRST AMENDED COMPLAINT

On May 14, 2026, Carl Fulmer filed a pro se complaint against EZ Auto, Inc., Credit Acceptance Corporation, and First Automotive Service Corporation. Fulmer brought various claims based on a 2015 Subaru Forester which broke down shortly after he purchased it from EZ Auto. EZ Auto was served on June 10. On July 9, it moved to dismiss for lack of jurisdiction. Credit Acceptance was served on June 26. And on July 13, it moved to compel arbitration. Both of those motions are currently pending before this Court.

First Auto was not served until August 5, 2026. And it moved to dismiss Fulmer's complaint on September 25. [84] In response to First Auto's motion, Fulmer filed a "First Amended Complaint" [87] on October 13. But Fulmer cannot file an amended complaint now as a matter of right. The time for him to do so passed 21 days after EZ Auto filed its July 9 motion to dismiss. To amend his complaint in October, Fulmer needed the Court's permission or the defendants' consent. Because he got neither, his First Amended Complaint is **STRICKEN**.

Federal Rule of Civil Procedure 15 allows an amended pleading as a matter of course "21 days after service of ***a*** *responsive pleading* or 21 days after service of ***a*** *motion* under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B) (emphasis added). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."

FED. R. CIV. P. 15(a)(2). While Rule 15(a) does not specifically address multiple defendants filing responsive pleadings at different times, this Court has previously considered the issue.

Applying Rule 15, this Court sua sponte struck an amended complaint for being filed without the Court's permission more than 21 days after the *first* responsive pleading. *See Buckner v. W. Tallahatchie Sch. Dist.*, No. 3:23-CV-417-DMB-RP, 2024 WL 3939566 (N.D. Miss. Aug. 26, 2024). In doing so, the Court relied on two cases—one from Mississippi's Southern District and one from Texas. *See Est. of Gaines v. FedEx Ground Package Sys., Inc.*, No. 3:21-cv-617-DPJ-LGI, 2022 WL 894108, at *1 (S.D. Miss. Mar. 25, 2022); *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 5880590, at *2 (E.D. Tex. Aug. 7, 2019).

The *Bowling* court applied Rule 15 and concluded that "an amended complaint filed as a matter of right is ineffective as to *all* defendants if it is filed more than 21 days after the *first* responsive pleading or defensive motion is filed." *Bowling*, at *2. The *Gaines* court agreed. Otherwise, allowing amendment after *each defendant's* first responsive pleading would require the case to "proceed under two operative pleadings: the first amended complaint would apply to only [the defendant who filed the last responsive pleading or Rule 12 motion], and the original complaint that would remain operative for all other Defendants." *Gaines*, at *2.

The Court follows the reasoning in *Buckner*, *Gaines*, and *Bowling*. Fulmer's 21-day window to amend as a matter of right opened when EZ Auto moved to dismiss on July 9. To amend his complaint after First Auto's motion, Fulmer needed either the Court's permission or the defendants' consent. He got neither. Therefore, his First Amended Complaint [87] is **STRICKEN**.

**SO ORDERED**, this the 19th day of October, 2026.

/s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI